**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Springfield Division**

LEAH LaROCK, EMILY McKAY, and
LINDSIE COHEN, on behalf of themselves and
all others similarly situated,

      Plaintiffs,

      v.

MARDI GRAS ENTERTAINMENT, INC.,
BINO, INC. d/b/a CENTER STAGE, AND
ANTHONY L. SANTANIELLO, individually,
ANTHONY'S DANCE CLUB, INC., HELEN
SATNANTIELLO, individually, FIFTH
ALARM, INC., SHERRI-LYNN VIA,
individually, JAMES SANTANIELLO,
individually, and B.S.C. REALTY, INC.

      Defendants.

C.A. No. _____

## NOTICE OF REMOVAL BY DEFENDANT B.S.C. REALTY, INC.

Pursuant to 28 U.S.C. § 1446, Defendant B.S.C. Realty, Inc. ("B.S.C.") hereby invokes this Court's jurisdiction under 28 U.S.C. § 1332(d), and states the following grounds for removal:

1. Plaintiffs Leah LaRock and Sarah Chartier instituted this action on or about October 3, 2017 in the Superior Court for Hampden County, Massachusetts, Civ. No. 1779cv704 (hereinafter referred to as the "State Action"), naming as defendants Mardi Gras Entertainment, Inc. ("Mardi Gras"), and Anthony L. Santaniello.

2. The initial Complaint was served on these defendants on or about October 24, 2017. A true and correct copy of the initial Complaint are attached as Exhibit A.

3. On or about January 31, 2018, Plaintiffs moved to consolidate this case with Civil Action No. 1779CV00828, Emily McKay, Shonaya Guiles, and Lindsie Cohen, v. Mardi Gras

Entertainment, d/b/a Center Stage, and Anthony L. Santaniello. This motion was allowed on or about February 9, 2018 and the two actions were consolidated for purposes of pretrial proceedings (the "Civil Actions").

4. Plaintiffs filed a First Amended Class Action Complaint on or about March 12, 2018, adding Plaintiffs McKay, Guiles, and Cohen to this action, and Mardi Gras Entertainment, d/b/a Center Stage as a defendant.

5. Plaintiffs filed a Second Amended Class Action Complaint on or about August 16, 2018, adding as defendants Anthony's Dance Club, Inc., Helen Santaniello, Fifth Alarm, Inc. and Sherri-Lynn Via.

6. On or about December 10, 2018, the parties stipulated to the voluntary dismissal of Sarah Chartier as a plaintiff.

7. On or about May 28, 2019, the parties filed an assented-to motion correcting the name Mardi Gras Entertainment, d/b/a Center Stage to Bino, Inc. That motion was allowed on June 6, 2019.

8. Plaintiffs filed a Third Amended Class Action Complaint on or about June 12, 2019, reflecting this correction.

9. On or about December 16, 2019, Plaintiffs moved the Court to allow them to file a Fourth Amended Class Action Complaint adding James Santaniello and B.S.C. Realty, Inc. as defendants. This motion was allowed on December 20, 2019.

10. Plaintiffs filed the Fourth Amended Class Action Complaint on or about January 2, 2020, adding James Santaniello and B.S.C. as defendants. The Fourth Amended Complaint incorporates all claims and parties from both Civil Actions. A true and correct copy of the Fourth Amended Complaint is attached hereto as Exhibit B.

11. The Fourth Amended Class Action Complaint has not yet been served on B.S.C. nor James Santaniello. Neither has served any answer or responsive pleading to the 4th Amended Complaint, nor have they made any appearance or argument before the State Court.

12. The Civil Actions are removed to this Court on the grounds of diversity of citizenship pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA").

13. The Complaint is pleaded as a putative class action in which Plaintiffs seek to represent "a class of entertainers who worked for Defendants, Mardi Gras Entertainment, Inc., and its Affiliated Clubs, including the Center Stage, Anthony's Dance Club, the Fifth Alarm . . . in any of its Massachusetts business locations during the period commencing three (3) years prior to the date of this Complaint and continuing to the date of judgment." 4th Amd. Compl. ¶ 1.

14. There are more than 100 putative class members.

15. Plaintiffs are citizens of either New Hampshire or Connecticut within the meaning of 28 U.S.C. Section 1332(d). 4th Amd. Compl. ¶¶ 2-4.

16. Defendant B.S.C. is a Massachusetts corporation with its principal place of business in Massachusetts.[1]

17. Plaintiffs have not alleged a specific amount in controversy in the Fourth Amended Complaint. Accordingly, to support removal, B.S.C. need only demonstrate a "reasonable probability" that the aggregate claims of the purported class are greater than $5 million, and this burden is "not an onerous one." Manson v. GMAC Mortgage, LLC, 602 F. Supp 2d 289, 293-94 and n.9 (D. Mass. 2009) (citing Amoche v. Guar. Trust Life Ins. Co., 556 F.3d 41 (1st Cir. 2009)). Plaintiffs' likelihood of success on the merits is not relevant. Rather,

---

[1] The parties are sufficiently diverse for purposes of CAFA removal if "any member of a class of plaintiffs is a citizen of a State different from *any* defendant." 28 U.S.C. § 1332(d)(2)(A). The domiciles of the remaining defendants are therefore irrelevant, though as Plaintiffs allege, the corporate defendants are also domiciled in Massachusetts. 4th Amd. Compl. ¶¶ 5-6, 8, 10.

"the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." Id.  Without admitting that Plaintiffs or the purported class could recover any damages, the amount in controversy in this action exceeds $5,000,000.00.

18. Plaintiffs allege, among other things, that Defendants have required all class members to: (1) pay "Locker Rental Fees" of $25 to $100 per shift for each shift worked; and (2) pay disc jockeys $15 to $20 per shift as a "DJ fee." 4th Amd. Compl. ¶ 1. Plaintiffs allege that these payments were unlawful deductions from wages in violation of the Massachusetts Wage Act, M.G.L., c. 149 § 148. Id.

19. Plaintiffs further allege that these alleged payments deprived all class members of the full value of their tips in violation of M.G.L. c. 149 § 152 and the Massachusetts Minimum Wage Act. Id.

20. Plaintiffs also allege that class members were misclassified as independent contractors thereby depriving them of minimum wage and overtime. Id.

21. Plaintiffs seek (1) disgorgement of all Locker rental fees and DJ Fees paid by the purported class members; (2) forfeiture of the "tip credit" taken by defendants against Plaintiffs and the purported class members' minimum wage; (3) compensation for unpaid overtime; (4) statutory trebling of all damages, and (4) attorney fees, among other relief.  4th Amd. Compl. ¶¶ p. 26 (Prayer for Relief).

22. The value of the damages sought in this matter, inclusive of statutory trebling and attorney's fees (both of which must be considered in calculating the amount in controversy), exceeds $5,000,000.00.

23. B.S.C. submits this Notice without waiving any defenses to the claims asserted by Plaintiffs or conceding that Plaintiffs have pled claims upon which relief can be granted. To the

contrary, B.S.C. and the other Defendants dispute both the viability of Plaintiffs' claims and their ability to recover any damages.

24. The State Court from which this the Civil Actions were removed and in which this action was commenced is within this Court's district and division.

25. This Notice of Removal will be filed promptly with the State Court, as required by 28 U.S.C. § 1446(d).

26. By copy of this document and in accordance with the Certificate of Service, B.S.C. is providing notice to all Parties in this action advising of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, B.S.C. prays that the above Civil Actions now pending in Hampden County Superior Court of the Commonwealth of Massachusetts be removed therefrom to this Court.

    Respectfully submitted,

    B.S.C. REALTY, INC.
    By its attorneys,

    /s/ Douglas J. Hoffman
    Douglas J. Hoffman (BBO# 640472)
    JACKSON LEWIS P.C.
    75 Park Plaza
    Boston, MA 02116
    (617) 367-0025; FAX: (617) 367-2155
    Douglas.Hoffman@jacksonlewis.com

    David R. Golder (BBO # 650717)
    Carolyn A. Trotta (*pro hac vice* to come)
    JACKSON LEWIS P.C.
    90 State House Square
    8th Floor
    Hartford, CT 06103
    (860) 522 0404
    David.Golder@jacksonlewis.com
    Carolyn.Trotta@jacksonlewis.com

>Jeffrey Morneau
>Connor & Morneau, LLP
>273 State Street, Second Floor
>Springfield, MA 01103
>413-455-1730
>jmorneau@cmolawyers.com
>
>Daniel D. Kelly
>DK Law Offices
>33 Mulberry Street
>Springfield, MA 01105
>(413) 733-0770
>dkelly@dankellylawoffices.com

Dated: January 15, 2020

## CERTIFICATE OF SERVICE

This hereby certifies that on this 15th day of January 2020, a true and accurate copy of the above document was filed with the Court via the ECF system, and served upon the attorneys listed below, via electronic mail and first-class mail, postage prepaid.

>Raymond Dinsmore
>Richard E. Hayber
>Hayber, McKenna & Dinsmore, LLC
>One Monarch Place, Suite 1340
>Springfield, MA 01144
>
>Matthew Thomson
>Shannon Liss-Riordan
>Lichten & Liss-Riordan, P.C.
>729 Boylston Street, Suite 2000
>Boston, MA 02116
>
>/s/ Douglas J. Hoffman
>Jackson Lewis LLP